NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In re the Matter of:

DELMA ANGELICA ALVARADO, *Petitioner/Appellee*,

*v.*

VENY GABRIEL APODACA, *Respondent/Appellant*.

No. 1 CA-CV 17-0331 FC
FILED 3-13-2018

Appeal from the Superior Court in Maricopa County
No. FC2013-004632
The Honorable Pamela Hearn Svoboda, Judge

**VACATED AND REMANDED**

COUNSEL

Bert L. Roos, PC, Phoenix
By Bert L. Roos
*Counsel for Petitioner/Appellee*

Thomas M. Shaw, Attorney at Law, Mesa
By Thomas M. Shaw
*Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Jennifer M. Perkins joined.

---

**J O H N S E N**, Judge:

**¶1**        Veny Gabriel Apodaca ("Father") appeals the superior court's child support order and attorney's fees award to Delma Angelica Alvarado ("Mother"). For the following reasons, we vacate and remand for further proceedings consistent with this decision.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        Father and Mother have one child together. In November 2013, when the child was ten years old, the superior court designated Mother as the primary residential parent with sole legal decision-making authority. The court ordered Father to pay $792.91 per month in child support.

**¶3**        In January 2015, Father filed a petition to modify legal decision-making, parenting time and child support. He asked the court to make him the child's primary residential parent with sole legal decision-making authority or, in the alternative, to award him joint legal decision-making authority and 120-130 days of parenting time per year. He also asked the court to modify child support in accordance with the Arizona Child Support Guidelines ("Guidelines"), Arizona Revised Statutes ("A.R.S.") section 25-320, app. (2018).[1] While Father's petition was pending, the superior court entered a stipulated temporary order granting Father parenting time every other weekend and reducing his child support payment to $282.25 per month.

**¶4**        After an evidentiary hearing in January 2017, the superior court granted Father's petition in part, awarding him joint legal decision-making authority and parenting time every other weekend and reducing his child support to $590 per month, effective May 1, 2015. The court, however, also granted Mother's request for an award of attorney's fees

---

[1]        Absent material change after the relevant date, we cite a statute's current version.

under A.R.S. § 25-324 (2018), finding the parties had a disparity of financial resources and Father had acted unreasonably in the litigation. The court subsequently denied Father's motion for new trial and awarded Mother $5,000 in attorney's fees.

¶5            Father timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A) (2018) and -2101(A)(1) (2018).

## DISCUSSION

¶6            Father argues the superior court erroneously calculated his child support amount and established an incorrect effective date for the new amount. He also contends the court erred by awarding attorney's fees to Mother.

### A.    Child Support.

#### 1.    Determination of Mother's gross income.

¶7            This court reviews the superior court's ruling on a petition to modify child support for an abuse of discretion, viewing the record in the light most favorable to upholding the decision. *Milinovich v. Womack*, 236 Ariz. 612, 615, ¶ 7 (App. 2015). We review *de novo* the court's interpretation of applicable statutes and the Guidelines. *Id*.

¶8            In determining a child support award, the superior court considers the parents' gross income, including income from any source. Guidelines § 5(A). Father argues the superior court erred by not using Mother's gross rental income in calculating child support. Instead, the court took into account that Mother's net rental income was $1,600 per month and attributed minimum wage income ($1,733) to her. *See* Guidelines § 5(E) (allowing court to attribute income up to amount of parent's earning capacity when parent has reduced his or her earnings "as a matter of choice and not for reasonable cause").

¶9            Father points out that Mother stated in her June 2015 Proposed Resolution Statement that her gross income was $3,500. Mother testified, however, that she developed health problems in September 2015 and was unable to continue her former employment. Father argues the superior court incorrectly deducted taxes from Mother's gross rental income because the Guidelines state that income taxes should not be considered. Mother testified that her gross rental income was $2,800, but she incurred expenses in connection with the rentals for repairs, taxes and

insurance. The Guidelines provide that gross rental income "means gross receipts minus ordinary and necessary expenses required to produce income." Guidelines § 5(C). As property taxes may be necessary business expenses for rental property, *see McNutt v. McNutt*, 203 Ariz. 28, 30, ¶ 4 (App. 2002), we reject Father's contention that the court erred by taking into account Mother's net rental income rather than her gross rental income. *See id.* at 30, ¶ 6 (appellate court will accept the superior court's findings of fact unless they are clearly erroneous).

¶10 On the record presented, the superior court did not err in determining Mother's income.

### 2. Determination of Father's gross income.

¶11 The Guidelines allow the superior court to adjust a parent's gross income to account for the parent's support of a child from another relationship. Guidelines § 6. In the case of a child not covered by a court order, the Guidelines do not require the court to make the deduction; it is discretionary. Guidelines § 6(D).

¶12 We first reject Mother's argument that Father waived this issue by not asking the superior court to adjust his income based on his support of his other children. Both child support worksheets Father filed while his petition was pending included an adjustment for support of two children not subject to court orders.

¶13 Although the superior court acknowledged that Father and his current wife have two minor children together whom they support, and the court's previous child support calculation reflected an adjustment to Father's gross income to account for those obligations, the court did not make the same adjustment in the current child support order. The record contains no explanation for the court's decision to eliminate the deduction it had previously made to Father's gross income when calculating child support; the evidence did not show any change in circumstances, as the children remain minors and Father testified they continue to live in his household.

¶14 Because we cannot on this record discern whether the superior court exercised its discretion to eliminate the adjustment or omitted it in error, we remand to allow the superior court to either recalculate Father's gross income to include an adjustment for his other minor children or explain why it declined to continue the previous adjustment to Father's gross income.

### 3. Effective date of new child support amount and arrearage calculation.

¶15 Father next argues the superior court erred by ordering that his $590 child support obligation would become effective March 1, 2017, rather than May 1, 2015.

¶16 Child support modification is "effective on the first day of the month following notice of the petition for modification . . . unless the court, for good cause shown, orders the change to become effective at a different date but not earlier than the date of filing the petition for modification." A.R.S. § 25-503(E) (2018). Father filed his petition to modify on January 29, 2015, and served Mother on April 3, 2015. In accordance with § 25-503(E), the superior court ordered that its modification of Father's child support obligation was effective May 1, 2015, and its calculation of Father's arrearage was based on that date. Father's assertion that the court imposed another effective date is based on a misunderstanding of the record. Although the court ordered that Father's monthly $590 payments *through the Support Payment Clearinghouse by an income withholding order* would commence on March 1, 2017, that direction related only to the payment process and did not alter the court's ruling setting May 1, 2015, as the effective date of the change in Father's child support obligation.

¶17 We are unable to determine from the record, however, how the superior court arrived at its $10,311 judgment in favor of Mother for past support. Father testified that he was current on all child support, and Mother did not offer any contrary evidence. The court therefore should have based its arrearage calculation on the difference between Father's stated child support obligations from May 2015 through February 2017 and the payments he actually made during that period. Given that the new $590 child support obligation was effective as of May 1, 2015, Father would have overpaid by $202.91 a month before the parties stipulated to a temporary reduction, and underpaid by $307.75 a month during the period of the stipulated temporary reduction.[2] We remand to allow the court to either explain its calculation of Father's arrearage or to recalculate the amount.

---

[2] As discussed, the parties stipulated to a $282.25 temporary payment, beginning November 2015, pending the court's resolution of Father's petition. Father correctly does not contend that his payment of that stipulated amount satisfied his support obligation during the relevant time.

**B.      Attorney's Fees Award.**

**¶18**      The superior court may award fees under A.R.S. § 25-324(A) after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings.  In awarding Mother her attorney's fees, the court found a financial disparity existed between the parties and Father had acted unreasonably in the litigation.  Father challenges the court's award, arguing the parties do not have a disparity of financial resources and he did not act unreasonably.  We review a court's award of attorney's fees under § 25-324(A) for an abuse of discretion.  *Mangan v. Mangan*, 227 Ariz. 346, 352, ¶ 26 (App. 2011).

**¶19**      We reject Father's argument that Mother's submission of her application for attorney's fees one day after the court's deadline prevented the court from awarding Mother fees.  The superior court has the discretion to extend its own deadlines and to consider untimely filings.  *See State v. Zimmerman*, 166 Ariz. 325, 328 (App. 1990).  Nevertheless, given that we are remanding the court's child-support award for reconsideration of Father's gross income, which may bear on the parties' respective financial resources, and on the reasonableness of Father's action in the litigation, we vacate and remand the attorney's fees award.

## CONCLUSION

¶20      Mother requests an award of fees on appeal but failed to identify "the statute, rule, decisional law, contract, or other authority" for such an award. *See* Arizona Rule of Civil Appellate Procedure 21(a)(2). Accordingly, we deny Mother's request.

¶21      Because neither party has completely prevailed on appeal, we make no award of costs. Following a final determination of Father's child support and arrearage amount on remand, the superior court is authorized to consider an award for costs incurred during this appeal.



AMY M. WOOD • Clerk of the Court
FILED: AA